## PLEASANT GROVE CITY v. HOLMAN et al.

No. 3653. Decided December 20, 1921. (202 Pac. 1096.)

1. MUNICIPAL CORPORATIONS—STATUTE AUTHORIZING LEVY OF TAX IN CONTROLLING AND DISTRIBUTING WATER OUTSIDE LIMITS NOT UNCONSTITUTIONAL. Comp. Laws 1917, § 570x17, authorizing city councils to control water courses leading to the city, and, when acting as distributing agent of water not the property of the corporation outside or within the corporate limits, to levy an annual tax for the purpose of controlling, regulating, and distributing such water, etc., did not violate Const. art. 13, § 10, making property subject to tax within the territorial limits of the authority levying the tax, as what is called a tax in the statute is not a tax within the meaning of the Constitution.[1]

2. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE THAT WILL MAKE IT CONSTITUTIONAL WILL BE ADOPTED. If a legislative act is susceptible of two constructions, one conformable to the constitutional provision on the subject, and the other not, the court will adopt the one that is conformable to the Constitution and reject the other.[2]

3. MUNICIPAL CORPORATIONS—AMENDMENT OF STATUTE AS TO COLLECTION OF EXPENSES OF DISTRIBUTING WATER HELD NOT TO AFFECT ORDINANCE. Laws 1919, c. 12, amending Comp. Laws 1917, § 570x17, to provide that a city council, acting as distributing agent of water outside or within the corporate limits, may annually determine and fix the sum necessary to meet the expenses, and collect such sum from the persons entitled to the water, makes no material change in the former law providing for the levy of a tax for the same purpose, and does not repeal a municipal ordinance passed under the old law and not repugnant to any provision of the new law.[3]

---

[1] State ex rel. Lundberg v. Drainage Dist., 40 Utah, 83, 119 Pac. 1039; State ex rel. Ferry v. Drainage Dist., 46 Utah, 1, 156 Pac. 921.

[2] Blackrock Copper M. & M. Co. v. Tingey, 34 Utah, 369, 98 Pac. 180, 28 L. R. A. (N. S.) 255, 131 Am. St. Rep. 850; Rio Grande Lumber Co. v. Darke, 50 Utah, 114, 167 Pac. 241, L. R. A. 1918A, 1193.

[3] Pleasant Grove v. Lindsay, 41 Utah, 154, 164, 125 Pac. 389.

Appeal from District Court, Fourth District, Utah County; *A. B. Morgan*, Judge.

Action by Pleasant Grove City against Artemus Holman and another. From a judgment for defendants, plaintiff appeals.

REVERSED, and new trial granted.

*Irvine & Thurman*, of Salt Lake City, for appellant.

*A. L. Booth* and *Martin M. Larsen*, both of Provo, for respondents.

WEBER, J.

In its complaint, the appellant, a municipal corporation, alleges that it is charged with the duty of regulating the system of water courses leading to and within the plaintiff city; that for many years prior to the commencement of this action it has regulated and controlled the same and distributed the water to users for culinary, domestic, and irrigation purposes, both within and without the territorial limits of the city; that said water courses are supplied from three natural streams which are interlocking and communicating, and that the high and low water periods of each of said natural streams come at different times, and that the volume of water which each water user receives under said system, either within or without the territorial limits of the city, is not dependent upon the flow of any one stream, but upon the total volume of water flowing in all of said water courses; that among the waters so distributed by the plaintiff is that to which defendants are entitled, and the plaintiff city is charged with the duty of distributing said water to the defendants as evidenced by decree of the district court of Utah county dated December 12, 1890; that to provide necessary funds to pay the annual expense of controlling, regulating, and distributing the water flowing in said courses the plaintiff city, for

many years prior to the commencement of this action, as a matter of system and convenience and to maintain equality, by ordinance duly and regularly passed, fixed the manner and time in which the proportionate amount each water user should pay for the current year, which ordinance provides for the .regulation, control, and distribution of the water as well as the ascertainment, apportionment and assessment of the proportionate cost to each user; that defendants are the owners of certain lands, and that under said ordinance there was duly apportiòned and assessed against the defendants for the years 1910 and 1919, inclusive, specified amounts which defendants have refused and neglected to pay.

The answer, inter alia, admits the ownership of the land, but alleges that it lies wholly outside of the municipal boundaries of Pleasant Grove City. This allegation is admitted in plaintiff's reply.

Plaintiff offered in evidence the revised ordinances of Pleasant Grove City published by authority of the city council September 2, 1905, containing chapter 59, which purports to cover and include lands both within and without the corporate limits of the city, and attempts to provide for the levying and collecting of assessments to reimburse plaintiff for expenses incurred in the maintenance of the water system furnishing water for the irrigation of the lands under said system, including defendants' land. Defendants objected to the admission of this evidence upon the grounds that the ordinance is void and unconstitutional, and that any provision of the statutes of the state of Utah pretending to authorize plaintiff, or any other municipal corporation, to levy and collect such assessments is null and void, because the provisions of the statute authorizing the collection of such tax or assessment and authorizing a municipal corporation to adopt an ordinance levying and collecting such assessments were repealed by the Legislature in 1919 without a saving clause.

The objections were sustained by the court. Plaintiff rested, and judgment was entered in favor of the defendants. From that judgment plaintiff appeals.

The first assignment of error is:

"The court erred, as a matter of law, in holding and deciding that the ordinance of Pleasant Grove City, adopted September 2, 1905, and entitled 'An ordinance revising and compiling the ordinances of Pleasant Grove City, Utah county,' and particularly chapter 59 of said ordinances, including sections 560 to 576, inclusive, are unconstitutional and void."

The ordinance was based upon and derives its force from a law then in effect and now appearing in Comp. Laws Utah 1917 as section 570x17, which provides that the boards of commissioners and city councils of cities shall have the power:

"To control the water and water courses leading to the city, and to regulate and control the water courses and mill privileges within the city; provided, that the control shall not be exercised to the injury of any rights already acquired by actual owners; and provided, further, that when the city council of any city is acting as distributing agent of the water, not the property of the corporation, outside of, or within the corporate limits of such city, such council may, and is hereby authorized to, levy such a tax as may be necessary annually, for the purpose of controlling, regulating, and distributing such water, and constructing and keeping in repair the necessary means for diverting, conveying, and distributing the same; provided, that the funds derived from the levy of said tax shall not be appropriated or used for any other purpose, and in the event that, if more tax is levied and collected in any one year than is necessary for said purpose the excess thereof or balance shall be carried to the account of the year next following and applied to the purpose for which it was collected. Said tax shall be levied and collected as provided by ordinance, and, until collected, the same shall be a lien upon such water rights, and the land irrigated thereby."

It was held by the trial court, and is contended by respondents, that section 570x17, supra, offends against section 10 of article 13 of the State Constitution, which provides:

"All corporations or persons in this state, or doing business herein, shall be subject to taxation for state, county, school, municipal or other purposes, on the real and personal property owned or used by them within the territorial limits of the authority levying the tax."

It is clear that under the provision of the Constitution just quoted no tax could be levied by plaintiff for governmental purposes upon property not within the territorial limits. If, therefore, the word "taxation," as used in the excerpt quoted, embraces assessments for local improvements and as-

sessments for water furnished and distributed, then section 570x17 of the statute relied on by plaintiff must be held to be repugnant to the Constitution and void. It cannot be claimed that the "tax" referred to in section 570x17 is for governmental purposes. The law distinctly provides that the money thus collected is for the purpose of defraying costs of benefits conferred upon the land assessed. The fact that something that is merely an assessment is called a tax in the law does not make it a tax. The distinction between a tax imposed for state, county, and municipal purposes and as assessment for local improvements or local benefits is well recognized. The one is for revenue to support the state, county, and municipal governments from which no particular person receives any special benefit. The other is for local improvements, and the money collected cannot be used for general governmental purposes. *State ex rel. Lundberg* v. *Drainage Dist.*, 40 Utah, 83, 119 Pac. 1039; *State ex rel. Ferry* v. *Drainage Dist.*, 46 Utah, 1, 156 Pac. 921. The tax or assessment sought to be collected by plaintiff is not for the support of the city government. It is solely to pay for the control and distribution of the water, and is a benefit to the land to which the water is distributed, whether within or without the corporate boundaries.

Beyond all doubt, what is called a tax in section 570x17, supra, is not a tax within the meaning and intent of section 10, art. 13, of the state Constitution. Were the proposition doubtful, the doubt should still be resolved in favor of the validity and constitutionality of the legislative act. One of the fundamental rules of statutory construction is that, if a legislative act is susceptible of two constructions, one conformable to the constitutional provision on the subject and the other not, the court will adopt the one that is conformable, and reject the one that is not. In *Blackrock Copper M. & M. Co.* v. *Tingey*, 34 Utah, 369, 98 Pac. 180, 28 L. R. A. (N. S.) 255, 131 Am. St. Rep. 850, upholding the constitutionality of the annual incorporation tax, this court said:

"The act, in our opinion, is valid, and we again repeat what

this court has so often declared, that, when an act or statute is attacked upon the ground that it violates some provision of the Constitution * * * it must clearly appear to be so, or the act or statute must be held valid. This doctrine applies with especial force to a law which sets in motion a sovereign power such as the power of taxation when it is alleged that the Constitution prohibits the exercise of the power. In such a case, unless it is made to appear beyond a reasonable doubt that the sovereign power to impose taxes in a particular way is withheld from the Legislature, the law imposing a particular tax must be upheld."

In *Rio Grande Lumber Co.* v. *Darke,* 50 Utah, 114, 167 Pac. 241, L. R. A. 1918A, 1193, it is said:

"Another rule of construction in cases of this kind must not be overlooked, and that is that, except where the Constitution, either federal or state, has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not, in any particular case. Courts are not the guardians of the rights of the people of the state, except as those rights are secured by some constitutional provision which comes within judicial cognizance."

Section 570x17, supra, being in effect when the city ordinance was adopted, and the statute containing nothing prohibited by the Constitution, the enactment must be held to be valid, and it logically follows that the city ordinance authorized by that provision of the law and based thereon is also valid.

Appellant's second assignment of error is:

"The court erred, as a matter of law, in holding and deciding that the ordinance of Pleasant Grove City adopted September 2, 1905, and entitled 'An ordinance revising and compiling the ordinances of Pleasant Grove City, Utah county, Utah,' and particularly chapter 59 of said ordinances, including sections 560 to 567, inclusive, are unconstitutional and void by virtue of the passage of chapter 12, Laws Utah 1919, amending and repealing Comp. Laws Utah 1917, § 570x17, without a saving clause protecting and perpetuating causes of action theretofore accrued under said last named section, in pursuance of which said chapter 59 was enacted."

The law of 1919 amending section 570x17, supra, is as follows:

"To control water and water courses leading to the city, and to regulate and control the water courses and mill privileges

within the city; provided, that the control shall not be exercised to the injury of any right already acquired by actual owners, and provided further that when the city council of any city is acting as the distributing agent of water not the property of the corporation, outside of, or within the corporate limits of said city, such council may, and is hereby authorized to annually prior to the commencement of the irrigation season determine and fix the sum deemed necessary to meet the expense of the current year for the purpose of controlling, regulating and distributing such water and constructing and keeping in repair the necessary means for diverting, conveying and distributing the same; and collect said sum from the persons entitled to the use of such water, pro rata, according to acreage, whether said acreage be situate within or without the corporate boundary of such city; provided, that the funds so derived shall not be appropriated or used for any other purpose, and in the event that a greater sum is collected in any one year than is necessary for said purpose, the excess thereof, or balance, shall be carried to the account of the year next following and applied to the purpose for which it was collected. Said sum shall be fixed and collected as provided by ordinance and until collected, the same shall be a lien on such water rights and the land irrigated thereby."

By comparing the old with the new law, it will be observed that the words "levy such a tax as may be necessary annually" are changed to "annually prior to the commencement of the irrigation season, determine and fix the sum deemed necessary to meet the expense for the current year." It will be observed on further comparison that the other changes are in harmony with the one to which attention has been called. The pith of the change is that the word "tax" is changed to "sum." As the word "tax" never was used in its technical sense, and was plainly intended to express an amount to be raised or collected in order that the irrigation waters might be properly controlled and distributed, no material change was made when the Legislature, in 1919, adopted the amended law. It was at most a change in verbiage, and obviously passed for the purpose of clarification. The new law is substantially the same as the old.

"The repeal and simultaneous enactment of substantially the same statutory provision is to be construed not as implied repeal of the original statute, but as a continuation thereof." 36 Cyc. 1084.

Appeal from Fifth District

The law of 1917 was thus continued in force, and the ordinances of Pleasant Grove, not being repugnant to any provision of the amendatory act of 1919, but being in harmony with the new as well as the old law, were not repealed and were not made void by the amendment of 1919. *Pleasant Grove* v. *Lindsay,* 41 Utah, 154, 164, 125 Pac. 389.

The court therefore erred in sustaining the objection of respondent to the admission of the ordinances of plaintiff.

The judgment is reversed, and appellant granted a new trial, with costs on appeal.

CORFMAN, C. J., and FRICK, J., concur.

GIDEON, J. I concur in the order directing the district court to grant a new trial. If the plaintiff city rendered any service in the distribution of water, and the defendants received the benefit of such service, they should be liable on a quantum meruit for service rendered, but not on any authority vested in the city council to levy a tax on property located beyond the boundaries of the municipality.

THURMAN, J., being disqualified, did not participate in the disposition of this cause.